## KANTROWITZ v. SILVERMAN.

### (Supreme Court, Appellate Term. June 1, 1906.)

MASTER AND SERVANT—WRONGFUL DISCHARGE—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

Where, after judgment for plaintiff in an action by a servant for wrongful discharge, it appeared from the pleadings in an action commenced by him against another that he had done work for the latter between the time of his discharge and the expiration of the period for which he was hired by defendant, and he had concealed the fact of such employment on the trial, it was sufficient ground for the granting of a new trial, though plaintiff claimed on motion that his relation to the other employer was not inconsistent with his performance of service under his contract with defendant.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Abraham Kantrowitz against Morris R. Silverman. Appeal by defendant from an order denying a motion to vacate and set aside a judgment in favor of plaintiff. Reversed, and motion for new trial granted.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Feltenstein & Rosenstein, for appellant.

A. I. Gordon, for respondent.

DAVIS, J. The plaintiff sued the defendant to recover $500 damages for a breach of contract of employment entered into on the 29th of January, 1905, and to continue for one year. It appears from the evidence that plaintiff is a tailor and works with a needle. He testifies that he entered defendant's employ under the contract referred to on January 29, 1905, as foreman, and that he worked until May 19, 1905, when he was discharged without just cause. He further testifies that after his discharge he sought work elsewhere and earned about $150. The case was tried before a jury November 22, 1905, and there was a verdict for the plaintiff for $225, and thereafter judgment was rendered in his favor against the defendant for $249.50. This judgment was subsequently affirmed on appeal on the 27th of February, 1906. In the meantime, and on the 29th of December, 1906, a motion was made before the justice who tried the case for a new trial and for an order vacating said judgment on the ground of newly discovered evidence. The motion was denied by an order filed on the 23d of January, 1906. From the order denying this motion the defendant now appeals to this court:

From the moving papers on the motion it appears that the plaintiff, subsequent to the commencement of this action, brought another action in the Municipal Court against one Stromberg; that he served a verified complaint therein, in which he claimed that Stromberg owed herein $325 for services actually rendered and for loss of profits caused by Stromberg's breach of contract with the plaintiff. It also appears that Stromberg interposed an answer in which he alleges that the plaintiff was employed by him with one Yetta Rosenthal; that they performed services for him as piece workers, for which they were paid $43.05.

The defendant herein claims that he did not know of the employment of the plaintiff with the Strombergs at the time of this trial, that he discovered it after the trial, and that he could not discover it before by the exercise of any diligence. The plaintiff admits in his papers filed on this motion that he worked for Stromberg after he was discharged by the defendant in this action; but at the trial he concealed the fact of his contract with Stromberg. He now claims that he was not bound to refer to this contract, because whatever he may have received under it could not be allowed in reduction of his claim against the defendant. He claims that his relation to Stromberg, as established by that contract, was not inconsistent with his performance of service under his contract with defendant, and that he could properly carry out his engagements with Stromberg without interfering with that portion of his time and energy which belonged to defendant. These questions, I think, should all be left to the decision of the trial justice, and should not be decided upon on this appeal. The evidence is important to the defendant. It is newly discovered, and submission to a jury appears to me to be essential to a full and fair trial of the issues in this action.

For these reasons, I think the order appealed from should be reversed, with costs, and motion for new trial granted. All concur.